Lauriat, J.
The plaintiff George Marken (“Marken”) brought this action for breach of contract and detrimental reliance against the defendant, Attorney John Hayes (“Hayes”), asserting that Hayes improperly certified title to Marken’s property by failing to discover a “Notice of Prevention of Easement” on an adjoining property. Hayes has now moved to dismiss this action pursuant to Mass.R.Civ.P. 12(b)(6), contending that he was not contractually obligated to search the title of the adjoining property as part of his certification process. For the reasons which follow, Hayes’s motion to dismiss is allowed.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whittinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Marken’s complaint essentially states that, as part of the title certification process, Hayes “agreed to examine or cause to be examined” all record title to the property which Marken later purchased, namely, Lot 2, 6 Airport Road, Hyannis, Massachusetts; that Hayes certified title to that property, thereby guaranteeing that it was marketable and free of material encumbrances; and that Hayes breached his agreement by failing to discover a material encumbrance on an adjacent parcel of property. The complaint, however, does not allege that Hayes either agreed or was legally required to examine the title to any adjoining property as part of his title certification process. Further, this court is not aware of any law in this Commonwealth requiring an attorney to examine the title to any adjoining property when certifying title to a specific parcel of property. Nor has Marken directed this court to any such law. See G.L.c. 93, §70 (title search of adjoining property not required as part of certification of title to mortgaged property).
The certification of title in question purports only to certify that Marken held good, clear marketable title to Lot 2, 6 Airport Road, Hyannis, Massachusetts, and *587 that said property was free of all encumbrances which would materially affect the title; it neither addresses nor certifies anything relative to any adjoining property. There can be no action for breach of contract where there is no contract to examine or certify title to an adjoining parcel of property. This court therefore concludes that Marken has failed to state a claim upon which relief can be granted, and, accordingly, grants Hayes’s motion to dismiss.
ORDER
For the foregoing reasons, the defendant John Hayes’s Motion to Dismiss is ALLOWED.